Steve MULLEN, Plaintiff—Appellant,

v.

UNITED STATES of America,
Defendant—Appellee.

No. 03–57204.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

Steve Mullen, Los Angeles, CA, pro se.

Sara R. Robinson–Glasser, Esq., USLA—Office of the U.S. Attorney Civil & Tax Divisions, Los Angeles, CA, for Defendant–Appellee.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Steve Mullen appeals pro se the district court's summary judgment, following remand, in his action under the Federal Tort Claims Act (FTCA) alleging intentional infliction of emotional distress by Special Agent Jessie Avestro of the former Immigration and Naturalization Service. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Gasho v.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*United States,* 39 F.3d 1420, 1432 (9th Cir.1994), we vacate and remand.

Under California law, where reasonable persons may differ as to whether the conduct has been sufficiently extreme and outrageous to result in liability, the issue is a question for the trier of fact. *See Soldinger v. Northwest Airlines, Inc.,* 51 Cal. App.4th 345, 58 Cal.Rptr.2d 747, 766 (1996) (citing *Molko v. Holy Spirit Assn.,* 46 Cal.3d 1092, 252 Cal.Rptr. 122, 762 P.2d 46, 63 (1988)). Mullen's claims regarding Avestro's conduct extend beyond Avestro's perjury and encompass an ongoing campaign to extort, harass and discredit, and he proffered his own declaration and those of others with personal knowledge of events at the heart of this case. *See Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1018 (9th Cir.1990) (holding that personal knowledge requirement of Fed. R.Civ.P. 56(e) can be inferred from affidavits themselves); *see also Fonseca v. Sysco Food Servs. of Arizona, Inc.,* 374 F.3d 840, 846 (9th Cir.2004) (reviewing evidentiary standards for declarations on summary judgment). Viewing the evidence in the light most favorable to Mullen, we conclude that he raised triable issues of fact concerning whether Avestro's conduct was outrageous, whether he acted recklessly and whether he proximately caused Mullen's injuries.

We grant Mullen's request that the case be assigned on remand to a different district court judge. *See Sullivan v. United States Dep't of the Navy,* 365 F.3d 827, 834–35 (9th Cir.2004) (remanding FTCA action to different judge for bench trial).

The parties shall bear their own costs on appeal.

VACATED and REMANDED with direction that the case be reassigned to a different district court judge.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.